Eric Armejo **GONZALEZ**; Lizbeth Angel **Lopez**, Petitioners,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

Nos. 06–74327, 07–74082.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioners.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Eric Armejo Gonzalez, Minden, NV, pro se.

Lizbeth Angel Lopez, Minden, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., Kathryn L. Moore, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Eric Armejo Gonzalez and Lizbeth Angel Lopez, husband and wife and natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision pretermitting their applications for cancellation of removal, and the BIA's order denying their motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petitions for review.

Petitioners fail to address the BIA's August 3, 2006 order, and have therefore waived any challenge to the agency's decision pretermitting their applications for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

We agree with the BIA's conclusion in its September 20, 2007 order that petitioners presented insufficient evidence to establish prejudice, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.